## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AMICA CENTER FOR IMMIGRANT
RIGHTS,
    1025 Connecticut Avenue NW, Suite 701
    Washington, DC 20036

NATIONAL IMMIGRATION PROJECT OF
THE NATIONAL LAWYERS GUILD,
    1763 Columbia Road NW
    Suite 175 #896645
    Washington, DC 20009

                *Plaintiffs*,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,
    500 12th St., SW
    Washington, D.C. 20536

                *Defendant*.

Case No. 1:25-cv-2386

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552

*et seq.*, seeking declaratory, injunctive, and other appropriate relief to compel the release of

agency records improperly withheld by Defendant, United States Immigration and Customs

Enforcement ("ICE").

2.    On May 16, 2025, Plaintiffs Amica Center for Immigrant Rights ("Amica

Center") and the National Immigration Project of the National Lawyers Guild ("National

Immigration Project") submitted a request under FOIA to Defendant ICE seeking records related

to the ICE Enforcement and Removal Operations Baltimore Field Office ("BAL ICE")'s use of

holding rooms and similar temporary detention facilities in the George H. Fallon Federal

Building, located at 31 Hopkins Plaza, Baltimore, Maryland. *See* Exhibit A, FOIA Request from

Plaintiffs ("the Request").

3.      Since February 2025, BAL ICE has detained hundreds of noncitizens for days at a

time in holding rooms and similar temporary detention facilities in the Fallon Federal Building.

Such holding rooms are only authorized to detain individuals for no longer than 12 hours.

Individuals detained in holding rooms in the Fallon Federal Building have reported being packed

into overcrowded and filthy cells; deprived of adequate sleep, food, water, basic hygiene

supplies, and medical care; and cut off from communication with counsel while they are held for

extended periods of time.

4.      ICE has released little to no information to the public about this new practice,

despite growing public concern and attention, including concerns about the legality of ICE's

actions. To address the urgent need for such critical information, Plaintiffs requested information

from ICE that would shed light on, *inter alia*, the authority under which BAL ICE is detaining

individuals in holding rooms, the policies and standards that apply to BAL ICE's use of holding

rooms, detention and inspection logs for the holding rooms, and email communications of the

BAL ICE Field Office Director regarding this practice. The public has an urgent interest in

understanding how, and under what purported authority, these decisions were made and what

standards and policies govern BAL ICE's use of holding rooms to detain individuals for

extended periods of time.

5.      Defendant ICE has failed to produce any responsive records or make a

determination on Plaintiffs' Request within the required statutory time period. To vindicate the

public's statutory right to information under the FOIA, Plaintiffs seek declaratory, injunctive,

and other appropriate relief to compel Defendant to immediately process Plaintiffs' Request and

release records that it has unlawfully withheld.

## JURISDICTION AND VENUE

6.     This Court has subject-matter jurisdiction over this action and personal

jurisdiction over the parties under 5 U.S.C. §§ 552(a)(4)(B), and 552(a)(6)(C)(i). This Court also

has jurisdiction under 28 U.S.C. §§ 1331, 1346(a)(2), 2201(a), and 2202.

7.     Venue lies in this district pursuant to 5 U.S.C. §§ 552(a)(4)(B) because the agency

records are situated in this district.

## PARTIES

8.     Plaintiff Amica Center is a 501(c)(3) nonprofit organization with offices in

Washington, D.C., and Baltimore, MD, that provides legal services to noncitizens in ICE

custody, including services administered through the Executive Office of Immigration Review's

Office of Legal Access Programs. Amica Center's mission is to ensure equal justice for all

immigrant adults and children at risk of detention and deportation in the D.C. region and beyond

through direct legal representation, know-your-rights presentations, impact litigation, advocacy,

and the enlistment and training of pro bono attorneys to defend immigrants. Amica Center's

clients have been subjected to detention for extended periods of time in BAL ICE's holding

rooms. Amica Center regularly files FOIA requests and publishes information obtained pursuant

to such requests on its website and social media platforms.

9.      Plaintiff National Immigration Project is a national 501(c)(3), tax-exempt, not-

for-profit organization that provides technical and litigation support to immigrant communities,

legal practitioners, and advocates seeking to advance the rights of noncitizens. The National

Immigration Project provides training to the bar on immigration consequences of criminal conduct, is the author of four treatises on immigration law published by Thomson Reuters, and pursues litigation that aims to extend the rights of all noncitizens in the United States, regardless of immigration status. In addition, National Immigration Project staff present, and regularly publish practice advisories, on immigration law topics, which are disseminated to its members as well as to a large public audience through its website. The National Immigration Project also regularly publishes FOIA disclosures to the media and the public through its website.

10.     Defendant ICE is an "agency" within the meaning of 5 U.S.C. §§ 552(f)(1). BAL ICE is an office within ICE's Enforcement and Removal Operations. Defendant ICE has possession, custody, and control of records responsive to Plaintiffs' Request.

## STATEMENT OF FACTS

**I.      Plaintiffs' Request for Information**

11.     On May 16, 2025, Plaintiffs submitted a request for records pursuant to FOIA, 5 U.S.C. § 552, *et seq.*, to Defendant ICE via Defendant's online Secure Release portal (https://www.securerelease.us/). *See* Exhibit A, Plaintiffs' Request.

12.     Specifically, Plaintiffs' Request sought the following information from January 2025 to the date of the fulfillment of the Request:

> 1. All DHS policies, directives, memoranda, standards, and guidance in effect that pertain to and govern BAL ICE's use of holding rooms (also referred to as holding facilities, holding cells) during the request period.
> 2. All records related to any waiver sought by or given to BAL ICE during the request period related to any of DHS policies, directives, memoranda, standards, and guidance related to ICE's use of holding rooms during the request period.
> 3. All DHS policies, directives, memoranda, standards, and guidance relating to what constitutes "exigent circumstances" for exceeding the typical twelve-hour limit on detaining noncitizens in holding rooms.

4

4. All written detention logs for individuals held at the BAL ICE holding rooms.

5. All inspection logs and reports for the BAL ICE holding rooms.

6. All emails sent or received to or sent from the BAL-ICE Field Office Director—first Matthew Elliston and subsequently Nikita Baker—during the request period that contain one or more of the following words or phrases:

      a. "Baltimore hold room";

      b. "holding room";

      c. "hold room";

      d. "ICE Directive 11087.1";

      e. "waiver" AND "12-hours"; and

      f. "911"

*Id.* at 1–2.

13.      Plaintiffs' Request sought a waiver of applicable fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k), because disclosure of the requested records is likely to contribute significantly to the public understanding of the activities or operations of the government and is not primarily in Plaintiffs' commercial interest. *See id.* at 4–6.

14.      Plaintiffs are tax-exempt, not-for-profit charitable organizations that are seeking records they intend to disseminate to the public at no cost. Plaintiffs have no commercial interest in the release of this information, which is crucial to public understanding of ICE's detention of noncitizens in holding rooms in the Fallon Federal Building for protracted periods of time. *See id.*

15.      Plaintiffs' Request sought expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) and 6 C.F.R. § 5.5(e), because of the urgent need to inform the public of ICE's use of holding rooms in the Fallon Federal Building. *See id.* at 6–7.

16.      In support of their request for expedited processing, Plaintiffs explained that Amica Center's clients have been detained in these holding rooms and have reported people "sleeping on bare concrete floors, receiving insufficient medical care and nutrition, and lacking

access to regular communication with their lawyers and families, among other threats to liberty and life." *Id.* at 7. Plaintiffs also noted that BAL ICE has refused to allow media access to these holding rooms or to clarify the standards and policies governing its use of holding rooms, further necessitating expedited treatment. *Id.*

17.     Accordingly, Plaintiffs' Request and the present action are necessary to vindicate the public's statutory right to be informed about BAL ICE's detention of noncitizens in holding rooms inside the Fallon Federal Building.

## II.    Defendant's Failure to Respond

18.     On May 20, 2025, Defendant acknowledged Plaintiffs' FOIA Request via email and assigned it a case number, 2025-ICFO-37648. *See* Exhibit B, Acknowledgement Letter from ICE.

19.     Defendant invoked a 10-day extension to respond to the Request. *Id.* at 1 (citing 5 U.S.C. § 552(a)(6)(B)). Defendant did not provide a "date on which a determination is expected to be dispatched," as required by the FOIA. 5 U.S.C. § 552(a)(6)(B)(i).

20.     Defendant acknowledged Plaintiffs' request for a fee waiver. However, Defendant did not make a determination with respect to Plaintiffs' fee waiver request and instead informed Plaintiffs that ICE will adjudicate the request "only if the agency is allowed to assess fees under the FOIA." *Id.* (citing 6 C.F.R. § 5.11(c)-(d)).

21.     Defendant denied Plaintiffs' request for expedited processing. *Id.* at 2.

22.     To date, Plaintiffs have received no further correspondence or response from Defendant with respect to their Request.

23.     More than 30 working days have passed since Defendant received Plaintiffs' Request.

24.     As of the filing of this Complaint, Defendant has not made a determination on Plaintiffs' Request.

## FIRST CAUSE OF ACTION

### Violation of FOIA for Failure to Disclose and Release Responsive Records

25.     Plaintiffs reallege and incorporate by reference the paragraphs above.

26.     Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant was obligated to promptly produce records responsive to Plaintiffs' Request. Defendant is obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for and to produce records responsive to Plaintiffs' Request. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendant's failure to conduct a reasonable search for records through the present date.

27.     Plaintiffs submitted their Request on May 16, 2025. Defendant was required to respond to Plaintiffs' Request within 20 business days under 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.6(c). Even assuming that Defendant correctly invoked the ten-day extension provision of 5 U.S.C. § 552(a)(6)(B), Defendant was required to respond within 30 business days, which expired on July 1, 2025.

28.     Plaintiffs have exhausted their administrative remedies by virtue of Defendant's failure to respond to the FOIA request under 5 U.S.C. § 552(a)(6)(C)(i).

29.     By failing to make a determination on Plaintiffs' Request within the mandated statutory timeframe, by failing to disclose and release the requested records, and by failing to conduct an adequate search reasonably calculated to uncover responsive records, Defendant has violated the public's right, advanced by Plaintiffs, to agency records under 5 U.S.C. §§ 552 *et seq*.

## SECOND CAUSE OF ACTION

### Violation of FOIA for Failing to Grant Plaintiffs' Request for Fee Waiver

30.    Plaintiffs reallege and incorporate by reference the paragraphs above.

31.    Under 5 U.S.C. § 552(a)(4)(A)(iii), Defendant is required to waive or reduce fees associated with a FOIA request where "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See also* 6 C.F.R. § 5.11(k).

32.    Plaintiffs have sufficiently demonstrated that they are entitled to a fee waiver under the FOIA. Plaintiffs have shown that disclosure of the requested records will contribute significantly to the public's understanding of the government's policies and practices regarding BAL ICE's detention of noncitizens in holding rooms in the Fallon Federal Building. Plaintiffs are 501(c)(3) nonprofit organizations that do not seek the records for a commercial interest—rather, Plaintiffs intend to disseminate the requested information to the public at no cost.

33.    Plaintiffs requested a waiver of all fees associated with their Request. Defendant failed to make a determination with respect to Plaintiffs' fee waiver request within 30 business days.

34.    Plaintiffs have exhausted their administrative remedies by virtue of Defendant's failure to respond to the FOIA request under 5 U.S.C. § 552(a)(6)(C)(i).

35.    By failing to grant Plaintiffs' request for a fee waiver, Defendant has denied Plaintiffs' rights under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a.    Declare unlawful Defendant's failure to make a determination on the FOIA
      Request within the statutory time frame and failure to disclose the records
      requested by Plaintiffs;

b.    Order Defendant to immediately and fully process and disclose all responsive,
      nonexempt records, and enjoin Defendant from improperly withholding requested
      records;

c.    Enjoin Defendant from assessing fees or costs for the processing of Plaintiffs'
      Request;

d.    Award Plaintiffs their costs and reasonable attorney's fees incurred in this action
      as provided by 5 U.S.C. §§ 552(a)(4)(E); and

e.    Grant any other and further relief as this Court may deem just and proper.

Dated: July 22, 2025

                              Respectfully submitted,

                              */s/ Amber Qureshi*
                              Amber Qureshi (D. Md. Bar No. 21218)
                              Law Office of Amber Qureshi, LLC
                              6925 Oakland Mills Rd, PMB #207
                              Columbia, MD 21045
                              Tel: (443) 583-4353
                              amber@qureshilegal.com

                              Yulie Landan (CA Bar No. 348958)
                              (*pro hac vice* application forthcoming)
                              National Immigration Project
                              1763 Columbia Rd. NW, Suite 175 #896645
                              Washington, DC 20009
                              Tel: (213) 430-5521
                              yulie@nipnlg.org

                              *Counsel for Plaintiffs*